JOSEPH WILD *vs.* BENJAMIN DEAN & another.

A partnership debt is not provable against the private estate of one of the partners, who has received an assignment of all the partnership property and executed a bond to his retiring partner to assume and pay the partnership debts, without evidence of an express or implied assent by him to pay the same to the creditor as his private debt; and notice by the creditor of his election to treat it as a private debt is not sufficient.

APPEAL from the decision of the judge of insolvency, disallowing certain notes signed " Foss & Swett," presented by the plaintiff for proof against the estate of Asa Swett, an insolvent debtor.

At the trial in the superior court, it was agreed that William H. Foss and Asa Swett were formerly partners, and gave the notes in question for a partnership debt ; and by a bond dated November 3, 1858, Swett, who had purchased the interest of Foss in the partnership property, executed to him a bond to pay all the debts due from the firm. On the 27th of the same month, a warrant was duly issued against the joint and separate estates of Foss & Swett, as insolvent debtors, and after the same was issued, but before the first publication of notice, the plaintiff, being the legal holder of the notes, gave a written notice to Foss & Swett, severally, of his election to take Swett as his debtor thereon, and to avail himself of the agreement by which Swett became bound to pay the partnership debts. There was no joint estate.

Upon these facts *Putnam*, J. affirmed the decision of the judge of insolvency ; and the plaintiff appealed to this court.

*B. F. Brooks & J. D. Ball*, for the plaintiff.

*J. G. Abbott & B. Dean*, for the defendants.

BIGELOW, C. J. It has already been decided by this court, that a creditor of a copartnership cannot prove his debt against the separate estate of one of the copartners to whom, on a dissolution of the firm, all the joint estate and effects had been transferred, and who had entered into an agreement under seal with his retiring copartner, that he would assume and pay all the partnership debts. *Robb* v. *Mudge*, 14 Gray, 534.

The distinction which the counsel for the plaintiff now seek to establish between that case and the one at bar is, that it is shown in the present case that the creditor elected to take the continuing partner as his sole debtor, and gave notice of such election to him and to the retiring copartner prior to the first publication of the notice of the commencement of insolvent proceedings. But the difficulty in maintaining this distinction, as applicable to the debt which the plaintiff seeks to prove, is, that the evidence fails to show any agreement or assent by the continuing partner that the joint debt should be converted into a separate debt on which he and his estate were to be liable as upon a contract into which he had individually entered. The election of the creditor alone is not sufficient to make such a change in the nature of the indebtment. Indeed it is inoperative, unless confirmed and sanctioned by the assent of the debtor. The fundamental principle on which all contracts rest is the mutual assent of the parties. It would certainly violate this rule to hold that a creditor might at his election, and without any agreement or consent, either express or implied, by his debtor, make an essential alteration in the contract subsisting between them, by which their respective rights and liabilities would be materially affected. A creditor has no more power to vary the terms of a contract of indebtment than the debtor. No one would contend that a joint debtor by any act or election of his own, without the assent of the creditor, could deprive the latter of his right to resort to the joint assets or to the personal obligation of all the joint debtors for the payment of his debt. We can see no reason why the rights of debtor and creditor are not in this respect correlative. If the debtor cannot convert a joint into a separate debt without the consent of the creditor, neither can the creditor do any act to effect such conversion without the assent of the debtor. How then does the case of the plaintiff stand ? Under the provisions of our insolvent laws, Gen. Sts. *c.* 118, § 109, to entitle the plaintiff to prove against the estate of one of the copartners, he is bound to show that a " separate debt " is due to him from such copartner. But the existence of such debt is not proved by showing that the plaintiff holds a

joint note of the firm, and that, on a dissolution of the copartnership, one of the firm has stipulated with his copartner to assume and pay all the joint debts. This was determined in the case already cited. The only additional fact in support of the right of proof against the separate estate of one of the firm is, that the creditor has elected to take him as a separate debtor. The plaintiff's whole case therefore rests on the untenable assumption that such election of itself operates to convert a joint into a separate indebtment. No authority is cited in support of such a doctrine. Indeed it may be open to question whether the transfer of a partnership debt to a continuing partner is binding on the parties, even when made with their assent, without proof of some new consideration, or unless a promissory note or bill of exchange is given by the continuing partner either in substitution for or as collateral to the indebtment of the firm. *Lodge* v. *Dicas*, 3 B. & Ald. 611. *David* v. *Ellice*, 5 B. & C. 196. *Wildes* v. *Fessenden*, 4 Met. 12, 20, 22. But however this may be, it is certain that no case can be found in which a partner has been charged with a debt of the firm as on his separate and individual contract, where there was no evidence of any assent either express or implied on his part to assume such a liability. In the cases which go the furthest in holding that a separate debt has been created in lieu of the debt of the firm, it has appeared that there was a promise by one copartner to take on himself the burden of payment. *Thompson* v. *Percival*, 5 B. & Ad. 925. *Kirwan* v. *Kirwan*, 4 Tyrwh. 491. In most of the cases in bankruptcy in the English courts cited by the plaintiff, and on which he relies to support his position, it appears not only that there was an agreement between the copartners themselves that one of them should assume and pay the debts of the firm, but also it is shown that there was either an express promise by the continuing partner to the creditor to pay the debt, or facts from which such a promise could be fairly inferred. *Ex parte Appleby*, 2 Deac. 482. *Ex parte Liddiard*, 4 Deac. & Ch. 603. *Ex parte Kedie*, 2 Deac. & Ch. 312. *Ex parte Lane*, De Gex, 300. *Ex parte Bradbury*, 4 Deac. 202 Nor is there any case in which it appears that a

49 *

joint debt has been allowed against the separate estate of one
of the copartners on proof of a mere election by the creditor to
look to him for the payment of his debt, based on a private
agreement between the copartners themselves by which one
stipulates to assume and pay the debts of the firm, without evi-
dence to show a promise, either express or implied, to the cred-
itor by the same copartner to assume and pay the joint debts
as his own private, individual debt.   And in some of the cases, as
in *Ex parte Bradbury,* last cited, it is manifest from the opinion
of the court that such a promise is deemed as essential to sup-
port a proof against the separate estate of one of the copartners
in bankruptcy as it would be to maintain an action at law.

The argument urged by the counsel for the plaintiff proceeds
on a misapprehension of the nature of the agreement entered
into between the copartners, by·which one agreed to pay the
debts of the firm.   It was only a private executory contract,
intended to regulate the rights, duties and obligations of the
copartners between themselves consequent on a dissolution of
the firm.   The creditors were neither parties nor privies to it.
By it the continuing partner assumed no new obligations towards
the creditors of the firm.   He was liable *in solido* for all the
debts as well before as after the execution of the agreement.
Nor did the creditor obtain by it any new or different security
for his debt.   Both copartners still remained liable to him in
like manner as before the dissolution.   Under the agreement be-
tween the copartners a joint creditor can claim no right to prove
against the separate estate of one of them, unless he can show
some ground on which to rest the privity of contract which is
essential to enable him to convert a joint into a separate promise.
On this ground we are of opinion that the plaintiff cannot sup-
port his claim to prove against the separate estate of one of the
firm.

His right to make such proof, even if he had been able to
show a promise by Swett to pay the debt of the firm, would
have been open to grave doubt, if it appeared that it was made
in contemplation of insolvency, and with a view to give the
plaintiff a right to prove a joint debt against the separate estate

of one of the firm. In such case it would be worthy of consideration whether such a promise, made under such circumstances, would not operate as a fraud on the separate creditors of the insolvent.

*Judgment of the court of insolvency, disallowing proof of debt against the separate estate of Swett, affirmed.*